IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-11-0089 |
| v. | § | |
| | § | CIVIL ACTION NO. H-13-1797 |
| ELISIO GONZALEZ, JR. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant, a federal inmate proceeding *pro se*, filed the pending motion to vacate,

set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 71.)  The

Government filed a motion to dismiss based on expiration of limitations. (Docket Entry No.

87.) The certificate of service attached to the Government's motion reflects that Defendant

was served a copy of the motion on January 6, 2014.[1]  Despite expiration of over sixty days,

Defendant has failed to file a response contesting the motion to dismiss.

Based on consideration of the motions, the record, matters of public record, and the

applicable law, the Court **GRANTS** the motion to dismiss, **DENIES** the section 2255

motion, and **ORDERS** as follows.

## I. BACKGROUND AND CLAIMS

Defendant pleaded guilty to possession of child pornography pursuant to a written

plea agreement.  (Docket Entry No. 36.)  As part of the written plea agreement, he waived

---

[1]The certificate of service reflects "January 6, *2013*."  The Court's docket shows that the Government e-docketed the motion on January 6, 2014; the "2013" is an obvious typographical error.

his right to appeal or to file a section 2255 motion. (Docket Entries No. 36, 78.) The Court sentenced Defendant to 51 months incarceration followed by ten years' supervised release, and imposed special conditions of supervision. The judgment was entered on June 7, 2012. Consistent with his plea agreement and waiver, Defendant did not pursue an appeal, and his conviction became final on June 21, 2012. His one-year federal limitation for filing the pending section 2255 motion expired on June 21, 2013. *See* 28 U.S.C. § 2255(f)(1).

Defendant raises claims for ineffective assistance of counsel and challenges the Court's imposition of the special conditions of supervision. The Government argues that Defendant's section 2255 motion is barred by the federal one-year limitation. Because Defendant did not file a response to the Government's motion to dismiss, the motion to dismiss is unopposed.

## II. LIMITATIONS

The record shows that a typewritten, unsigned section 2255 motion was received by the Court on June 19, 2013. Because it referenced the instant cause number, it was docketed in this case. (Docket Entry No. 68.) Because it was unsigned, the Court struck the pleading on June 24, 2013. (Docket Entry No. 70.) Defendant filed a signed section 2255 motion which the Court received on July 2, 2013, and the Court ordered the Government to respond to the motion. (Docket Entries No. 71, 72.)

The Government has correctly calculated June 21, 2013, as Defendant's federal one-year deadline under 28 U.S.C. § 2255(f)(1). Petitioner did not utilize the "mail box rule"

by stating what date he placed his motion with prison mail officials for filing. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998); *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). In absence of any other reliable indicia of an earlier filing date, the Court will rely on the date the pleading was received – July 2, 2013 – as the filing date.[2]

Because Defendant did not file a proper section 2255 motion until July 2, 2013, his section 2255 motion is untimely and barred by limitations. Defendant, not having contested or opposed the Government's motion to dismiss, argues nothing to the contrary.

## III. CONCLUSION

The Government's motion to dismiss (Docket Entry No. 87) is **GRANTED** and Defendant's section 2255 motion (Docket Entry No. 71) is **DENIED**. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Defendant's companion civil case, C.A. No. H-13-1797 (S.D. Tex.), is **ORDERED ADMINISTRATIVELY CLOSED**.

Signed at Houston, Texas, on this the 10ᵗʰ day of March, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[2]Defendant concedes that his pending section 2255 motion was filed on July 2, 2013. (Docket No. 84, p. 1.) Although Defendant refers to his pending motion as an "amended" section 2255 motion, it is an original motion, not an amended motion.